THOMAS R. GORDON *v.* JOSEPH UPHAM.

In an action for false imprisonment—so far as the same may be founded upon
the allegation that the defendant held no claim against the plaintiff, and,
therefore, in causing his arrest in a civil suit, acted illegally—it is sufficient
for the defendant to show that he had a cause of action against the plaintiff
for the breach of a contract, although, under the rules of evidence, it appear
that his damages, if recovered, would have been nominal only.

Suffering a dismissal of the complaint by default, in an action wherein the
defendant has been arrested, does not prove a want of probable cause.

Such a declaration by a debtor, as would naturally induce the belief that he
intends so to dispose of his property as to prevent a creditor from collecting
a claim by judgment, amounts to probable cause for an arrest.

Whether the want of probable cause is established, *prima facie*, by the order
of a judge discharging the arrest? *Quere.*

When the facts are undisputed, the question of probable cause is one of law, to
be determined by the court.

THIS was an appeal by the plaintiff from a judgment of
nonsuit, in an action for an alleged false imprisonment. It
appeared that the present plaintiff had been arrested at the
instance of the present defendant, and held to bail in the sum
of $2,000, under a warrant of Mr. Justice Mitchell, of the
Supreme Court, in a suit for the breach of a contract to enter
into a copartnership.

The opinion which follows states the ground of the arrest,
and discloses sufficiently the contents of the affidavit upon
which the judge acted in allowing the warrant.

The arrest was discharged, after a litigated motion, by Mr.
Justice Edwards of that court, who, upon granting the appli-
cation, filed an opinion wherein he held that the declaration
of the defendant, as set up in the affidavit annexed to the
warrant, had been sufficiently explained. He added, as an
additional consideration in respect of the propriety of continu-
ing the arrest, that the plaintiff's possible damages for the
alleged breach of the copartnership agreement were too un
certain and remote to justify, under the rules of evidence,

more than a nominal recovery, if any, when the cause should be tried.

The action in the Supreme Court was referred for trial. The reference proceeded in the absence of the plaintiff, (the present defendant,) and the defendant (the present plaintiff) obtained a report and a judgment thereon in his favor.

The action in which this appeal was taken was prosecuted in the Marine Court, and was tried before Mr. Justice Thompson and a jury. Upon the close of the testimony, the complaint was dismissed, without submitting the cause to the jury. The opinion of Mr. Justice Edwards, above referred to, was submitted to the court below, together with the pleadings and affidavits relating to the arrest, employed in the Supreme Court.

*Judah H. Hartt*, for the plaintiff.

*John Cochrane*, for the defendant.

By the Court. DALY, J.—It is not necessary to inquire whether the discharge of the arrest by Judge Edwards was sufficient to establish, *prima facie*, the want of probable cause, so as to throw upon the defendant the onus of proving that there was probable cause; for, in addition to evidence of the fact of such discharge, the plaintiff introduced upon the trial the complaint, answer and affidavits in the original action in the Supreme Court, and it was for the court below to determine, upon all the evidence before them, whether there was a want of probable cause. This is a question of law, which it is the province of the court alone, and not of a jury, to determine, unless there is a dispute as to the facts. (*Bulkeley* v. *Keteltas*, 2 Selden, 384.)

The plaintiff was arrested upon the charge of being about to remove his property, with intent to defraud his creditors, and as especially intending to defraud the defendant; and the evidence upon which the order for the arrest was granted was the affidavit of a third party, to the effect that the plaintiff

said—when informed by the party making the affidavit, of the plaintiff's intention to bring a suit against him to recover damages for the breach of the agreement—that if the suit was brought, he would take good care and put his means in such a shape that the defendant would get nothing by it; that he would send his means to Tauab, a merchant in England, a person known to the plaintiff and to the party making the affidavit.

On the motion for the discharge of the arrest, the plaintiff explained what he meant by this remark, and Judge Edwards, in view of his explanation, and from the additional consideration that the action was one in which nominal damages alone could be recovered, granted the motion.

In addition to this, it appeared, by the testimony of Mr. Hartt, the attorney, that the defendant, when examined as a witness, admitted that the plaintiff had told him that he was indebted to Messrs. Tauab & Sons in England; that a part of the funds which he had, (eight or nine thousand dollars,) he had obtained from them, a part for two or three years, and a part for five years. Besides, the plaintiff, in his sworn answer, states, that he informed the defendant that he, the plaintiff, had $10,000 of his own money, and relied on his friend for $10,000.

These are the facts substantially upon which the plaintiff relied, and I have no hesitation in saying, that they do not make out a want of probable cause.

If the defendant had a claim that would enable him to maintain the action, he is to be regarded as a creditor, no matter what amount of damages he might recover; and it cannot be presumed, merely because he did not prosecute the action or suffered it to go by default, that he had no such claim. Suffering the action to go by default would not be sufficient to show a want of probable cause, (see *Robert* v. *Bayles*, 1 Sand. S. C. 47,) neither by itself nor in connection with the other circumstances disclosed on the trial below. The plaintiff's declaration was one that may and would naturally have induced the belief that he intended to dispose of

his property so as to prevent the defendant from collecting any thing by a judgment, if he should obtain one. It was sufficient to warrant the suspicion that he intended to do so, and a reasonable ground of suspicion, induced by circumstances sufficiently strong to lead a cautious person to believe that the charge made is true, amounts to probable cause. (*Hoshay* v. *Ferguson*, 2 Denio, 49.)

Judgment of nonsuit affirmed.